IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE V.,[1] )<br>)<br>       **Plaintiff,** )<br>) | No. 20 C 6975 |
| v. )<br>) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting )<br>Commissioner of Social Security,[2] )<br>)<br>       **Defendant.** )<br>) | Maria Valdez |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jose V.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 19] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On April 20, 2018, Plaintiff filed a claim for DIB, alleging disability since July 7, 2017. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 6, 2019. Plaintiff personally appeared and testified at the hearing with the assistance of a Spanish interpreter. Plaintiff was represented by counsel. A vocational expert ("VE") also testified.

On December 2, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of July 7, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and obesity. The ALJ concluded at

step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with the following additional limitations: is limited to occasional stooping and no more than frequent crouching; and is limited to jobs which can be learned by demonstration, with no need to read, write, or speak English to perform the job. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as an operator, landscape specialist, tire assembler, assembler, warehouse worker, or machine operator. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

3

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was erroneous because the ALJ's finding that Plaintiff could sustain medium work is not supported by substantial evidence and is marred by legal error. In support of that contention, Plaintiff first asserts that the ALJ erred in assessing the opinions of Plaintiff's treating interventional pain management specialist, Dr. Vinita Mathew. Because Plaintiff filed his claim in 2018, the ALJ was required to evaluate Dr. Mathew's medical opinions under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under this regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate

6

"how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

Here, the ALJ noted that Dr. Mathew authored work status reports dated August 10, 2017, October 27, 2017, December 21, 2017, January 26, 2018, and March 19, 2018, in which she opined on the five occasions that Plaintiff could return to light duty work but with "no lifting/carrying over 20 lbs" and "[n]o bending at the waist." (R. 40, 364-368.) The ALJ found Dr. Mathew's opinions in that regard unpersuasive, stating that the doctor's reports "do not provide a longitudinal picture of the claimant's functional limitations over the alleged period of disability" and "do not use criteria consistent with that used by the Social Security Administration to determine disability." (*Id.* at 40.)

7

The Court finds that these two rationales provided by the ALJ are deficient. First, it is unclear how five opinions offered over an eight-month period are not longitudinal in nature. Second, regardless of whether Dr. Mathew's understanding of light duty correlates to the Social Security Administration's definition of light work or other criteria, the fact remains that Dr. Mathew opined that Plaintiff should not lift over 20 lbs or bend at the waist, which is at odds with the ALJ's RFC assessment, as the RFC contains no lifting restriction and provides that Plaintiff could frequently crouch and occasionally stoop. Moreover, and in any event, the ALJ's assessment of Dr. Mathew's opinions is inadequate as the ALJ completely failed to expound upon the supportability and consistency of the opinions, as required by the new regulations. *See* 20 C.F.R. § 404.1520c(b)(2); *Jomarie S. v. Kijakazi*, No. 20-CV-7029, 2022 WL 2105916, at *4 (N.D. Ill. June 10, 2022) ("The categorical statements made by the ALJ are not supported [by] the record in this case, and a more nuanced discussion regarding the supportability and consistency of the treating psychiatrist's opinion is necessary."); *Steven H. v. Kijakazi*, No. 20-CV-50181, 2022 WL 972328, at *5 (N.D. Ill. Mar. 31, 2022) ("[T]he ALJ never sufficiently addressed the key issues of consistency and supportability in addressing the medical opinions."). The shortcomings in the ALJ's treatment of Dr. Mathew's opinions require that this matter be remanded.

With respect to the ALJ's assessment of Dr. Mathew's opinions, Defendant argues only that any error on the ALJ's part is harmless because the VE also identified light duty jobs that Plaintiff could perform. The Court finds that

8

Defendant's argument in that regard amounts to a *post hoc* rationalization that must be rejected. *See Phillips v. Astrue*, 413 F. App'x 878, 883-84 (7th Cir. 2010) ("We confine our review to the reasons offered by the ALJ and will not consider post-hoc rationalizations that the Commissioner provides to supplement the ALJ's assessment of the evidence.") (citations omitted); *Rosetta J. Berryhill*, No. 17 C 6188, 2019 WL 1514983, at *4 (N.D. Ill. Apr. 8, 2019) ("*[P]ost hoc* explanations that were not expressly relied on by the ALJ cannot be considered."); *Magee o/b/o Rawlings v. Berryhill*, NO. 18 CV 605, 2018 WL 5884523, at *5 (N.D. Ill. Nov. 9, 2018) ('The Commissioner's harmless error argument is . . . an impermissible post hoc rationalization.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the ALJ's physical RFC assessment is fully supported and Plaintiff's daily activities are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 19] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                **ENTERED:**

*[signature: Maria Valdez]*

**DATE:     August 5, 2022**              _____
                                          **HON. MARIA VALDEZ**
                                          **United States Magistrate Judge**